**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

ARCHIE V. MONTAGUE,          )

        Petitioner,         )     **C. C. A. NO. W1999-01863-CA-R3-PC**

vs.                    )     **CARROLL COUNTY**

STATE OF TENNESSEE,      )     **No. 99CR-1356**

        Respondent.      )

**FILED**

**January 12, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

<u>O R D E R</u>

This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court by order rather than formal opinion. The petitioner was convicted of first degree murder and was sentenced to life imprisonment. This Court affirmed the conviction and sentence on appeal. <u>State v. Montague</u>, No. 02C01-9502-CC-00044 (Tenn. Crim. App. July 26, 1996). The Supreme Court denied permission to appeal on January 27, 1997. On December 15, 1998, the petitioner filed a pro se petition for post-conviction relief. Finding that the statute of limitations had expired, the trial court summarily dismissed the petition.

Pursuant to T.C.A. § 40-30-202(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. <u>See</u> § 40-30-202(b). The petition in this case was filed well beyond the applicable statute of limitations, and is, therefore, untimely. Moreover, T.C.A. § 40-30-206(b) provides that if it plainly appears from the face of the petition that the petition was filed outside the statute of limitations, the trial court shall dismiss the petition. The petition in this case was clearly filed outside the statute of limitations. Accordingly, the post-conviction court properly dismissed the petition without an evidentiary hearing. The petitioner's claim that due process precludes application of the statute of limitations in this case is without merit. The petitioner acknowledges that he received the Supreme Court's order denying permission to appeal before the statute of limitations expired.

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Since the record reflects that the petitioner is indigent, costs of this appeal shall be taxed to the state.

_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE